FREDERICK W. TILLINGHAST, Assignee, *vs.* WESTCOTT, SLADE & BALCOM CO.

FEBRUARY 23, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Discovery. Information and Belief.*

To maintain a bill for discovery in aid of an action at law, the complainant must at least allege sufficient circumstances to enable the court to determine that he has a right of action which would be aided by the discovery.

A bill in equity for discovery, alleging on information and belief that his assignor was the owner of a stock of goods, prior to the assignment, and in another paragraph that complainant is informed as aforesaid and *believes* that respondent took the goods without right and under circumstances amounting to tortious conversion, does not state any information as to the taking of such goods, and rests entirely on belief, which is insufficient. If complainant had information to support the allegation, it should be stated; if he had none, he is not entitled to the discovery.

BILL IN EQUITY, on facts stated in opinion. Heard on appeal of complainant, and decree affirmed.

JOHNSON, J. This is a bill in equity for discovery, brought by the assignee of the Home Realty Company, a corporation, located in the city of Providence, against the Westcott, Slade & Balcom Company, a corporation, also located in said Providence. Upon demurrer to said bill on the ground that the respondent, being a corporation, could not answer under oath, the complainant filed an amended bill joining as respondents William B. Westcott and Howard R. Slade, president and

treasurer, respectively, of said corporation.  In the amended bill the complainant alleges: "First.  That he is informed by Edwin O. Chase of said Providence, formerly assignee of said Home Realty Company, and by George L. Warfield of said Providence, formerly in the employ of said Home Realty Company, and he believes, that immediately prior to the suspension of business by said Home Realty Company, to wit, on the —————————— day of July, A. D. 1907, said Home Realty Company was the owner of a large stock of paints, varnishes, and oils to the value of several hundred dollars, which was stored by said company at its storehouses and at various locations where said company was engaged in building houses.

"Second.  That the complainant is informed as aforesaid and believes that at or about the time of said suspension, the said respondent corporation took and carried away from the said Home Realty Company the entire stock of paints, oils, and varnishes aforesaid, including those purchased from said West-cott, Slade & Balcom Company and from other parties, without any right so to do and under circumstances amounting to tortious conversion of said stock.

"Third.  That the complainant desires and intends to commence his suit at law in the name of said Home Realty Company against said respondent corporation for the conversion of said stock of paints, oils, and varnishes, but that he does not know of what the stock consisted, nor its value, nor the names of the agents of said respondent who took the same.

"Fourth.  That this complainant has made diligent inquiry concerning the above matters, to wit, of Charles G. Smith of said Providence, formerly Treasurer of said Home Realty Company, of said George L. Warfield, of Walter E. Richards of said Providence, formerly Purchasing Agent of said Home Realty Company, of Stephen Condon, formerly Foreman of said Home Realty Company, of ——————, formerly Painter of said Home Realty Company, of said Edwin O. Chase and also of said Westcott, Slade & Balcom Company; but that except for said Warfield, Chase and Smith who could not give any definite information regarding the said matters, the said parties have neglected to furnish him with any information, and that he

has no means of ascertaining these facts which it is necessary that he should know in order to commence and prosecute his intended suit at law.

"Fifth. That said William B. Westcott is the President of said respondent corporation and said Howard R. Slade is its Secretary and Treasurer and that the complainant is informed and believes and therefore avers that they are severally cognizant of the facts and all of them of which the complainant seeks discovery herein."

The bill concludes with a prayer for a discovery setting forth: "What paints, oils or varnishes which were at any time between the first day of May, 1907, and the first day of October, 1907, in the possession of, or which between the said dates were the property of said Home Realty Company, have in any manner come into said respondent corporation's hands, together with a statement of the color, kind, quantity, and approximate market value of each item at the time when the same came into its hands.

"The names and addresses of the agents of said respondent corporation who directed the taking, of those who actually took and carried away the said articles, and of those in whose custody the said articles have been at any time since, or in whose custody they are at the present time.

"The time at, place or places from and manner in which the said articles were taken and carried away.

"The places where such of said articles as still remain in respondent corporation's possession are kept, and the manner in which, and the consideration for which such of said articles as no longer remain in said respondent's possession were by it disposed of."

To this amended bill the respondents demurred, the Westcott, Slade and Balcom Company insisting on their demurrer to the original bill as applicable to the amended bill, and William B. Westcott and Howard R. Slade alleging as grounds of demurrer, "That it does not appear, in and by said Bill, that the complainant has any action pending against the respondent, the Westcott, Slade & Balcom Company, in support of which said Bill is brought.

"That it does not appear, in and by said Bill, that the complainant has any title, cause or right of action against the respondent, the Westcott, Slade & Balcom Company, in support of which said Bill is brought.

"That the discovery sought, in and by said Bill, would have no effect or tendency to support any alleged or pretended right of action by the complainant against the respondent, the Westcott, Slade & Balcom Company."

After hearing on demurrer, in the Superior Court, a final decree was entered on April 6, 1909, sustaining the demurrer and dismissing the bill. From this decree the complainant appealed, and for reasons therefor says: "Said decree is erroneous and contrary to law and should be reversed and the demurrers filed by the said respondents should have been and should be overruled."

(1) The presiding justice, in his rescript sustaining the demurrer, says: "This bill is demurred to upon several grounds; among others, that the complainant has not stated any title, cause or right of action against the respondent in support of said bill.

"The well-settled rule is that to maintain a bill for discovery in aid of an action at law, the complainant must at least allege sufficient circumstances to enable the court to determine that he has a right of action which would be aided by the discovery. This, we think the complainant's bill fails to do. He alleges merely that the respondent corporation took from the Home Realty Company its stock of paints, oils and varnishes without any right so to do and under circumstances amounting to a tortious conversion of said stock.

"If the complainant had sufficient information to enable him to say that this property was taken in a manner which amounted to trover and conversion, he must have had information of facts and circumstances which would enable him to draw such deduction. He must have had some information of the details of a fraudulent scheme by which the respondent corporation obtained said possession. Such facts and circumstances the complainant could allege so as to enable the Court to judge whether there was any conversion which would warrant an action. If the complainant had no such information,

he would not be warranted in drawing the deduction which he has drawn or in asking for any discovery to aid his action at law."

This is a correct statement of the law.

In the briefs and arguments of counsel, the allegation of the bill that the respondent corporation took and carried away from the Home Realty Company paints, oils, and varnishes, "without right so to do and under circumstances amounting to tortious conversion of said stock," has been treated as made upon information and belief. It will be observed, however, that in the first paragraph of the amended bill the complainant alleges "That he is informed by Edwin O. Chase of said Providence, formerly Assignee of said Home Realty Company and by George L. Warfield of said Providence formerly in the employ of said Home Realty Company, and he believes, that immediately prior to the suspension of business by said Home Realty Company, to wit, on the ———— day of July, A. D. 1907, said Home Realty Company was the owner of a large stock of paints, varnishes and oils to the value of several hundred dollars which was stored by said Company at its storehouses and at various locations where said Company was engaged in building houses." In the second paragraph of said bill the complainant alleges "That the complainant is informed *as* aforesaid" (*i. e.*, by Chase and Warfield as to the ownership by the Home Realty Company of a large stock of paints, &c., which was stored, &c., as set out in said first paragraph), "and believes that at or about the time of said suspension, the said respondent corporation took and carried away from the said Home Realty Company the entire stock of paints, oils and varnishes aforesaid, including those purchased from said Westcott, Slade & Balcom Company and from other parties, without any right so to do and under circumstances amounting to tortious conversion of said stock." The complainant does not state any information as to the taking and carrying away of said goods. He refers in the second paragraph to his information specifically by the words "as aforesaid," and the first paragraph contains no allusion to any taking and carrying away of said goods. The allegation of the second paragraph as to said taking and carry-

ing away of said stock "without right so to do and under cir-
cumstances amounting to tortious conversion of said stock"
rests, therefore, *entirely upon belief,* and not at all upon any in-
formation stated in the bill. This is not sufficient. If the
complainant has information to support the allegation, he
should state it; if he has none, he has no right to the discovery
prayed for.

The decree appealed from is affirmed, and the cause is re-
manded to the Superior Court for further proceedings.

*Green, Hinckley & Allen,* for complainant.
*Rush Sturges,* of counsel.
*Lyman & McDonnell, J. Cunliffe Bullock,* for respondents.